**IN THE UNITED STATES DISTRICT COURT FOR THE**

**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **JORDAN A. COBB,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-3268-JD** |
| | ) | |
| **WALGREENS CO.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff, proceeding *pro se*, has filed a Complaint for Employment Discrimination. (Doc. 1). She also filed an Application to Proceed in District Court Without Prepaying Fees or Costs (*In Forma Pauperis* ("IFP") motion). (Doc. 2). United States District Judge Jodi W. Dishman referred the motion to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). (Doc. 3).

The filing fee in civil cases is $405.00.[1] Under 28 U.S.C. § 1915(a), a district court has discretion to permit the commencement of an action without prepayment of fees or security therefor. *See Grimes v. TCF Bank*, 769 F. App'x 659, 660 (10th Cir. 2019) (reviewing district court order denying an IFP application for abuse of discretion); *Cabrera v. Horgas*, 1999 WL 241783, at *1 (10th Cir. 1999) ("The decision to grant or deny *in forma pauperis* status under § 1915 lies within the sound discretion of the trial court.").

---

[1] The total filing fee includes a base fee of $350.00 and an administrative fee of $55.00. *See* 28 U.S.C. § 1914(a); *Judicial Conf. Sched. of Fees, Dist. Ct. Misc. Fee Sched.* ¶ 14.

Proceeding IFP "in a civil case is a privilege, not a right – fundamental or otherwise." *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998). "[T]o succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees." *Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005). The court evaluates "an application to proceed [IFP] . . . in light of the applicant's present financial status." *Scherer v. Kansas*, 263 F. App'x 667, 669 (10th Cir. 2008).

Having reviewed the Application, the undersigned finds that Plaintiff has sufficient financial resources to pay the filing fee. Plaintiff receives a monthly Social Security Disability Insurance payment of $1,880.00 per month and her expenses total $1,452.00 per month – a $428.00 surplus. (Doc. 2, at 1-2). Plaintiff has $4,401.00 in cash or a bank account. (*Id.* at 2). Excluding Plaintiff's $1,351.00 car loan – for which the monthly payment is included in the listed monthly expenses – she has debts totaling $3,265.17. (*Id.*) In short, Plaintiff's monthly income exceeds her monthly expenses such that she could pay the filing fee. Additionally, Plaintiff's cash and/or bank account balance exceeds the total of the debts unaccounted for in her monthly expenses. "While this Court does not suggest that [Plaintiff] is wealthy or has lots of money to spend," the court finds he "has the ability to spend [ ] discretionary funds on filing fees if she desires." *Lewis v. Ctr. Mkt.*, 2009 WL 5217343, at *3 (D.N.M. Oct. 29, 2009), aff'd, 378 F. App'x 780 (10th Cir. 2010).

Because she does not qualify for authorization to proceed without prepayment of the filing fee, Plaintiff's Application should be **denied**, and he should be required to pay the full filing fee for this action to proceed.

**RECOMMENDATION**

For the foregoing reasons, the undersigned recommends that the Court **deny** Plaintiff's Application for Leave to Proceed IFP (Doc. 2). The undersigned further recommends that if Plaintiff does not pay the $405.00 filing fee in full to the Clerk of the Court within 21 days of any order adopting this Report and Recommendation, that this action be dismissed without prejudice to the refiling. LCvR 3.3(e).

**Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by December 4, 2026,** in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to make timely objection waives his right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge unless and until the matter is re-referred.

IT IS SO ORDERED this 13th day of November, 2026.

Amanda L. Maxfield

AMANDA L. MAXFIELD
UNITED STATES MAGISTRATE JUDGE